IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFERY SILLS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-3099 |
| BFI WASTE SERVICES, LLC | * | |
| d/b/a ALLIED WASTE SERVICES OF | | |
| BALTIMORE | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jeffery Sills ("Plaintiff" or "Sills"), an African-American male, has brought this employment and disability discrimination action against his current employer Defendant BFI Waste Services, LLC, d/b/a Allied Waste Services of Baltimore ("Defendant" or "BFI Waste Services"). The Complaint alleges employment discrimination in violation of the Civil Rights Act of 1866, codified as amended at 42 U.S.C. § 1981 (Count I), of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified as amended at 42 U.S.C. §§ 2000e *et seq.* (Count II), and of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Count III). The Complaint also alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (Count IV). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant BFI Waste Services' Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's race discrimination claims in Counts I, II

and III are DISMISSED WITHOUT PREJUDICE and his disability discrimination claim in

Count IV is DISMISSED WITH PREJUDICE.

BACKGROUND

For the purposes of the instant motion, this Court accepts as true the facts alleged in

Plaintiff's Complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff

Jeffery Sills ("Plaintiff" or "Sills") is a forty-nine (49) year old African-American male who is

currently, and was at all times relevant to the Complaint, a commercial driver employed by

Defendant BFI Waste Services, LLC, d/b/a Allied Waste Services of Baltimore

("Defendant" or "BFI Waste Services").  Pl.'s Compl. ¶¶ 1, 10, ECF No. 1.  According to

the Complaint, Sills has been employed by BFI Waste Services for more than thirteen (13)

years.  *Id.* ¶ 10.  Sills alleges that, while employed by Defendant and until Defendant hired

Malcolm Granville ("Granville") as a general manager, he was commended on numerous

occasions for his valuable service and his safe operation of company vehicles.  *Id.* ¶ 12.  He

further alleges that during his thirteen years of employment with Defendant, he "has never

been in any accident for which he was at fault or [had] any attendance problems."  *Id.* ¶ 13.

In December 2008, Sills was forced to undergo surgery.  *Id.* ¶ 28.  The surgery itself

and the recovery period required him to request three months of continuous leave under the

Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*  *Id.*  Defendant

granted this request for FMLA leave.  *Id.*  After returning to work, Sills was diagnosed with

Type II diabetes, high blood pressure and a weak kidney.  *Id.* ¶ 29.  These conditions

allegedly required him to attend many medical appointments.  *Id.* ¶ 31.  In order to facilitate

his treatment, Sills alleges that during the summer of 2009 and before exhausting all his

annual sick leave, he sought to apply for intermittent FMLA leave. *Id.* ¶ 30. However, Granville declined to process and approve his application. *Id.* As a result, Sills was forced, to the extent possible, to schedule his doctor's appointments after hours and on the weekends. *Id.* ¶ 31. Sills also alleges that with the exception of unplanned sicknesses, he always gave Defendant advanced notice of the appointments he had to schedule during work hours. *Id.* ¶ 32. Sills claims, however, that despite these notices, Defendant still scheduled him to work during his medical appointments which resulted in unexcused absences. *Id.* These unexcused absences in turn allegedly caused Sills' experience to be overlooked costing him the ability to obtain certain promotions. *Id.* ¶ 33.

Additionally, Sills claims that his race played a role in his being passed over for promotions. *Id.* ¶¶ 9-25. According to him, during the summer of 2009, Granville allowed drivers who sought to advance their position by accepting more difficult routes to sign-up on a list. *Id.* ¶ 14. Although Sills allegedly responded favorably to this request and signed-up on the promotion list, he claims that he, along with other more senior and qualified African-American drivers, was not promoted to these higher level routes, while Defendant instead promoted less qualified and less senior white drivers. *Id.* ¶¶ 14-17.

On October 29, 2010, Sills filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (ECF No. 9-2). In his EEOC Charge, Sills alleges that on June 10, 2010, Defendant rejected his application for a Front End Driver position and instead hired two white men with less experience. *See* Charge of Discrimination, ECF No. 9-2. He further alleges that he believes he was discriminated against by Defendant on the basis of his race. *Id.* Significantly, Sills did not allege any

disability discrimination.  After rejecting his claim, the EEOC issued a Notice of Right to Sue on August 3, 2011 (ECF No. 9-3).  Sills timely instituted this lawsuit on October 31, 2011 alleging employment discrimination in violation of the Civil Rights Act of 1866, codified as amended at 42 U.S.C. § 1981 (Count I), of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified as amended at 42 U.S.C. §§ 2000e *et seq.* (Count II), and of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Count III) as well as disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (Count IV).  Pending before this Court is Defendant BFI Waste Services' Motion to Dismiss (ECF No. 5) Plaintiffs' Title VII and ADA claims in Counts II and IV for failure to exhaust administrative remedies.  Defendant also seeks to dismiss Plaintiff's Title VII, Section 1981 and FMLA claims in Counts I, II and III for failure to state a claim.

STANDARD OF REVIEW

**I.      Rule 12(b)(1) Motion**

"Motions to dismiss for failure to exhaust administrative remedies are governed by [Rule 12(b)(1) of the Federal Rules of Civil Procedures] for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).  A Rule 12(b)(1) motion challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United*

*States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).  With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.  Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192.  "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury*, 268 F. Supp. 2d at 606 (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II.    Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief."  *Id.* at 679.  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).  In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

ANALYSIS

### I.   Failure to Exhaust Administrative Remedies

Defendant BFI Waste Services, LLC, d/b/a Allied Waste Services of Baltimore

("Defendant" or "BFI Waste Services") argues that Plaintiff's disability discrimination claim

under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* in Count IV

should be dismissed for failure to exhaust administrative remedies.  Specifically, Defendant

contends that nothing in the Equal Employment Opportunity Commission ("EEOC")

Charge of Discrimination or the supporting documents indicates that Plaintiff alleged

disability discrimination against Defendant.   With respect to Count II alleging race

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

amended, 42 U.S.C. §§ 2000e *et seq.*, Defendant contends that Plaintiff failed to exhaust his

administrative remedies because Plaintiff's EEOC Charge mentions an instance of race

discrimination in June 2010 while the Complaint refers to race discrimination occurring in

the summer of 2009.

Before a plaintiff may file suit under Title VII and the ADA, he must first file a

charge of discrimination with the EEOC.  *See Chacko v. Patuxent Institution*, 429 F.3d 505, 506

(4th Cir. 2005); *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).  The

purpose of the exhaustion requirement is to ensure "that the employer is put on notice of

the alleged violations so that the matter can be resolved out of court[,] if possible."  *Miles v.*

*Dell, Inc.,* 429 F.3d 480, 490 (4th Cir. 2005) (citation omitted).  To fulfill this obligation, a

plaintiff must set forth in his EEOC grievance all factual allegations that he anticipates

raising.  *Chacko*, 429 F.3d at 509.  A party will be heard only on those "claims stated in the

initial [EEOC] charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). "Thus, a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Evans*, 80 F.3d at 963). This exhaustion requirement is important, because a failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim. *Id.*

Because lawyers do not typically complete the administrative charges, courts tend to construe them liberally. *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). Indeed, the Court of Appeals for the Fourth Circuit has cautioned that "[t]he charge is not to be treated as common-law pleading." *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1976). Instead, a plaintiff satisfies the exhaustion requirement if his claim is reasonably related to the original complaint or if, through reasonable investigation, it would develop out of the original complaint. *Evans,* 80 F.3d at 963.

In this case, the EEOC Charge refers to race discrimination but not to disability discrimination. Additionally, Plaintiff's twelve-page position statement submitted in support of his Charge to the EEOC on July 13, 2011 discusses at length his allegations concerning Defendant's instances of race discrimination with respect to himself and other African-American employees. However, nowhere does this document mention disability discrimination. Plaintiff seeks to argue that his reference to "serious health condition" in the FMLA context and his Type II diabetes, which he alleges qualifies as a disability under the

ADA, put Defendant on notice of a potential claim for disability discrimination.  However,

the Fourth Circuit has held that " '[d]isability' under the ADA and 'serious health condition'

under the FMLA are distinct concepts that require different analyses." *Rhoads v. Fed. Deposit*

*Ins. Corp.*, 257 F.3d 373, 387 n.12 (4th Cir. 2001); *see also* 29 C.F.R. 825.702(b).  Moreover,

the disability discrimination claim is neither reasonably related to the race discrimination

claim, nor would a reasonable investigation into the race discrimination claim put Defendant

on notice of Plaintiff's disability discrimination claim.  *See Jones*, 551 F.3d a 300; *Evans*, 80

F.3d at 963.  Accordingly, Plaintiff failed to exhaust his administrative remedies with respect

to his disability discrimination claim under the ADA and this claim as alleged in Count IV is

DISMISSED WITH PREJUDICE.[1]  Conversely, Plaintiff's Title VII claim in Count II is

reasonably related to the race discrimination claim in the EEOC Charge and Defendant had

notice of this claim both through the Charge and the supporting position statement.

Therefore, Plaintiff has not failed to exhaust his administrative remedies with respect to his

Title VII claim in Count II.

## II.    Failure to State a Claim

Defendant contends that Plaintiff's claims under Section 1981, Title VII and the

Family Medical Leave Act in Counts I, II and III should be dismissed for failure to state a

claim.

First, an employee alleges a *prima facie* case of disparate treatment on the basis of race

discrimination under Title VII and 42 U.S.C. § 1981 by alleging that (1) he is a member of a

---

[1] Even if Plaintiff had exhausted his administrative remedies with respect to his disability discrimination claim, his allegations in the Complaint represent "[t]hreadbare recitals of the elements of a cause of action" under the American with Disabilities Act. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, he would still fail to state a claim for disability discrimination.

protected class; (2) his job performance was satisfactory; (3) he was subjected to an adverse

employment action; and (4) similarly situated employees outside of his class received more

favorable treatment.  *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

Construing the complaint liberally, *see De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003),

Plaintiff does not satisfy the aforementioned elements.  Sills does allege that he is a member

of the protected class and that he was subjected to an adverse employment action since a

decrease in "compensation, job title, level of responsibility or opportunity for promotion"

would indicate that an adverse employment action occurred.  *James v. Booz-Allen & Hamilton*,

368 F.3d 371, 376 (4th Cir. 2004).  However, he does not allege that his performance was

satisfactory nor that similarly situated employees outside of his class received more favorable

treatment.  In fact, Plaintiff indicates that his medical absences which were recorded as

unexcused absences negatively affected his ability to receive promotions.  Although he does

allege that the white drivers who were promoted were less qualified than he, Sills does not

allege that the absences of employees outside his class with medical issues were not recorded

as unexcused absences.  As such, he does not allege that similarly situated employees outside

of his class were treated more favorably.  Therefore, Plaintiff has failed to state a *prima facie*

claim for race discrimination under Title VII and Section 1981.  Accordingly, Plaintiff's

claims in Count I and II are DISMISSED WITHOUT PREJUDICE.

Second, under the Family Medical Leave Act ("FMLA"), "an eligible employee shall

be entitled to a total of 12 workweeks of leave during any 12–month period . . . [b]ecause of

a serious health condition that makes the employee unable to perform the functions of the

position of such employee."  29 U.S.C. § 2612(a)(1)(D).  It is unlawful for employers to (a)

"interfere with, restrain, or deny the exercise of" this right, or (b) "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a).  A plaintiff can bring an interference claim under the first prohibition or a retaliation claim under the second one.  *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006).  To state a *prima facie* case for unlawful interference, which is what Plaintiff seeks to allege in this case, he must allege that (1) he was an eligible employee; (2) his employer was covered by the statute; (3) he was entitled to leave under the FMLA; (4) he gave his employer adequate notice of his intention to take leave; and (5) the employer denied his FMLA benefits to which he was entitled.  *See Rodriguez v. Smithfield Packing Co.*, 545 F. Supp. 2d 508, 516 (D. Md. 2008) (citing *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006)); *see also* 29 U.S.C. § 2615(a)(1).

"The term "eligible employee" means an employee who has been employed (i) for at least 12 months by the employer . . . ; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."  29 U.S.C. § 2611(2)(a).  Recently, this Court held that to state a claim under the FMLA, a complaint must demonstrate compliance with these requirements.  *See Anusie-Howard v. Bd. of Educ. of Baltimore Cnty.*, WDQ-12-0199, 2012 WL 1964097 at *2-3 (D. Md. May 30, 2012).  The facts included in the Complaint are not sufficient to indicate that Plaintiff was an eligible employee.  Sills does allege that he has been employed with Defendant for over thirteen years and therefore complies with the first prong of the eligible employee analysis.  However, the facts as alleged indicate that prior to applying for FMLA leave in the summer of 2009, he had already used all his FMLA leave, which Defendant had approved, to recover from his December 2008 surgery.  Moreover,

11

Plaintiff claims that he had to go to numerous medical appointments which were recorded as unexcused absences when they occurred during his shifts. It is unclear whether this recording occurred prior to or after the denial of his second request for FMLA leave. These allegations taken together prohibit the conclusion that Plaintiff had worked for at least 1,250 hours during the 12-month period prior to his second request for FMLA leave. Considering the facts as alleged in the light most favorable to the Plaintiff, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), Plaintiff did not comply with the pleading requirements of alleging that he is an "eligible employee" under the FMLA. Accordingly, Plaintiff fails to state a claim for unlawful interference under the Family Medical Leave Act and his claim in Count III is DISMISSED WITHOUT PREJUDICE.

CONCLUSION

For the reasons stated above, Defendant BFI Waste Services' Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's race discrimination claims in Counts I, II and III are DISMISSED WITHOUT PREJUDICE and his disability discrimination claim in Count IV is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:          March 1, 2013                    _____/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge